Clarence E. Conley, J.
The above-entitled action was transferred from the Supreme Court calendar for the June Term of Supreme Court by Justice Joseph P. Molxn'arx to the County Court, and was set down for trial without a jury by consent of the attorneys for the parties hereto and tried on the 14th day of July, 1958.
The complaint alleges: “ 2. That on or about December 11, 1957, the defendant wrongfully and unlawfully, maliciously and falsely and without just cause, caused plaintiff to be arrested and taken into custody and to attend the City Court of the City of Oneida, County of Madison, New York, and said defendant charged the plaintiff with the crime of petty larceny wrongly and unlawfully.”
The answer of the defendant consists of a general denial. The evidence at the tidal disclosed that the plaintiff, Esther Ward, is a niece of the defendant, that she is a housewife, residing with her husband and two children at E. F. D. No. 2, Oneida, New York, that she is 32 years of age and has resided in the County of Madison all her life.
The evidence also shows that between the dates of March, 1957, and December 11, 1957, the plaintiff did some general housework for the defendant at his home located on Lenox Avenue in the City of Oneida, New York. In the plaintiff’s testimony she claimed that she was not working for wages, she was just “ helping out”, but occasionally he had given her a dollar or two for her children. The plaintiff further testified that the defendant gave her certain items of household wares and clothing, and that in addition thereto he gave her two articles, viz.: an electric percolator and an electric steam iron, to hold for safe-keeping until he moved to the beach.
According to her testimony Sergeant Dowling of the Oneida Police Department and a State Trooper came to her home on December 11, 1957, and asked her whether she had some things that belonged to Vernon Crow. She said, “ Yes ”, and added, “ He wanted me to keep them for him until he moved to the *846 Beach At this time she was asked to accompany the Oneida Police Officer and the State Trooper to the police station at Oneida, New York, and she was taken to the police station in a white automobile marked 1 ‘ State Police ’ At the police station she was charged with petit larceny and the proceeding was adjourned for a hearing. At the hearing the proceeding was dismissed by William C. Olcott, City Judge of the City of Oneida.
A newspaper clipping from the Oneida Daily Dispatch was offered and received in evidence, without objection on the part of the defendant’s counsel, which states as follows: “ A charge of petit larceny lodged against Mrs. Esther M. Ward, Oneida RD 1, was dismissed by the judge for lack of evidence. Mrs. Ward was arrested yesterday on complaint of her uncle, Verne G-row, 311 Lenox Ave., who claimed the woman had taken several articles from his home. Mrs Ward said G-row had given her the articles.”
The plaintiff’s testimony showed that she had moved into her home approximately two months prior to her arrest, that she had children in school, and that the newspaper article was the subject of discussion at a church affair and was mentioned by the minister.
The defendant testified that he paid the plaintiff for her services $2 or $3 every time she came to the house. He admitted that he had given her certain articles but testified that he did not give her the electric percolator and the electric steam iron. No testimony was offered other than that of the plaintiff and the defendant.
In the opinion of this court there was no justification for the arrest and restraint of the plaintiff and plaintiff is entitled to damages. There was no evidence that a demand was ever made by the defendant upon the plaintiff for the return of the articles in dispute. The usual practice, when there is a dispute as to the ownership of personal property, is to institute a civil action in replevin. There is no question but that the plaintiff was embarrassed by the newspaper publicity given the matter in her community. She was taken to the Oneida police station in a white automobile marked ‘ ‘ State Police ’ ’ and she was required to appear for a hearing at an adjourned date. 11 Imprisonment begins at the arrest, and any physical detention is ‘ imprisonment ’ and any imprisonment which is not justifiable is ‘ false imprisonment ’, and subjects him who is responsible therefor, whether as principal or agent, to an action in tort for damages.” (Warner v. State of New York, 189 Misc. 51, revd. 272 App. Div. 954, which was revd. 297 N. Y. 395.)
*847 The plaintiff is not entitled to punitive damages but she is entitled to an award for false arrest. It is the conclusion of this court that plaintiff established a cause of action and is entitled to damages in the sum of $250 and costs.
Enter judgment accordingly.